Argument in Brief

I Willis Henry Green Am writing on behalf of my Appeal. I am currently incarcerated in a facility with limited access to legal documents that would help with appeal. As you can see in my Arguments and statement of facts I do not have any attorney assisting in matters. Counsel has witheld evidence even though he was granted relief from the case. I requested for Addresses and names of other court appointed Attorneys from the Court. There was no response. I was poorly represented by trial counsel and poorly represented by Appeal counsels. I was tried and convicted in court on charges that I was never charged or indicted for. I have documents to prove that State and Defense Counsel changed charges at trial and never consulted with me. The Bonds man that I used had the same paperwork of the indictment charges of Burglary of Building. The Criminal Docket and Charge of Court has been altered and added to. You will see where State has lied about no Pre-Trial. With this I am asking at least for Oral Arguments as to defense will now state his case of charges.

charges.

I Willis Henry Green Am writing this appeal on behalf that my appointed Attorneys would not Assist. Appointed Attorney William K. Wilder was relieved and substituted to Allen W. Ross. Then Appointed Attorney Allen Ross asked for relief and was granted 7/23/2014 without any attorney consulting with defendant. With attorney being granted withdrawal, counsel witheld court documents and kept defendant from filing timely documents. Counsel has refused to represent And failed to consult with defendant. Now that I have court proceedings there are errors in the case that needs Addressing. Defendant was never indicted for burglary of habitation only burglary of building. On page 7 of court charges simply state Burglary of Building SJF. On page 12 letter to Bondsman the indictment states Burglary of Building. On page 76 to the Director of Collections of the Texas Department of Corrections the charges state Burglary of Building Count 1 and 2. I have court documents that state on Aug. 26, 2013 I was indicted for Aggravated robbery. On the court documents that I received on Aug 19, 2014 the Criminal Docket and Orders of Court is pages 6 & 7. On the Court documents I received on April 2015 the Criminal Docket and Orders of Court is page 89 & 90. On the Criminal Docket 10-08-2013, 10-22-2013, 12-6-2013 is written in different ink and appears to have been written by some one else. On page 2 of the Preliminary Statement of the Nature of the Case it states that November 2, 2013 a Pretrial hearing

was held, on November 18, 2013 a jury trial was conducted. Going back to the Criminal Docket it states on November 1, 2013 No Pretrial - Case Already Set for Trial. On the Orders of Court documents that was sent to me in Aug 2014 it states 3-13-2014 Order Discharging Court Appointed Counsel on Appeal And Substituting Court Appointed Counsel on Appeal signed by Judge Phifer. I have reviewed the Court documents And on page 68 the witness Mr. Trawick Jr. stated he viewed the pictures on the game camera. He then stated he viewed the photos on April 16th and then told defense he reviewed photos on April 17th. Then on page 143 detective Ray stated he received the photos from Mr. Trawick not the detective who was working the case. Witness had chance and opportunity to erase all photos he wanted before giving to detective or officer. On page 106 witness stated " other than us, ourselves, coming in And out was on the game camera". Where are the photos of them going in And out. That is evidence missing that I had asked my Attorney to ask. On page 122 detective Lee Starling stated "upon Arrival I observed several doors kicked in" but in Mr Trawick statement the doors were not damaged on page 46. How did the doors get damaged from the time Mr Trawick saw them till detective Starling arrived. On the photo of the hammer and screen I do not see Any glass As described by Mr Trawick. While playing the interview tape District Attorney Dictson stopped the

tape just before Detective Ray asked about other people on the camera. Then he asked about vehicles and their liscense plates that I had went to the scrap yard in. Then on trial he lied about not checking at the scrap yard when he specifically asked me about a grey car. Then he lied about showing me the photos from the game camera. On page 190 Defense Attorney instructed me not to testify and to say yes that we had enough time to discuss the benefits and risk of me testifying. I had a piece of paper writing down questions that I wanted defense counsel to ask and that document is missing but the states document is in. On page 194 is when the court, Attorney and defense counsel changed burglary of building to burglary of habitation. It simply states to strike building. On page 2 of punishment phase defense counsel asked for 10 years before consulting with defendant. On page 11 Mr Trawick stated those cameras had been stolen but in trial on page    only one camera had been stolen. Witness trying to add to testimony or don't remember. On page 32 witness Christie Smith stated she talked to me on phone and I hung up. My phone number is (936) 858-4657 not (936) 858-2158, that is one of my sisters house. She lyed then just as they lyed about the UA being positive. They never showed me the results of the test and the officer did not let me see him conduct the test like the others. I know for a fact

that I do not use marijuana or any other drug. If she turned case of over to court why did they wait a year before placing warrant. I was poorly represented by Attorney Langsjoen. And it seems as if Attorney Ross has tried to alter documents for the State. As the court can see there is evidence to consider and grant prayer of relief.

## Prayer For Relief

I Willis Henry Green am asking for relief of charges and release from TDCJ. Also asking for relief of probation. If any charges possible then trespass should be given and time served. I am asking if granted then reimbursement of wages lost, public embarassment, stress from incarceration, and separation of family. I have been wrongfully convicted and ask for the sympathy of the court.

| | | |
|---|---|---|
| *WILLIS HENRY GREEN,* *APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Willis Henry Green appeals his convictions for two counts of burglary of a habitation. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se response. We modify the trial court's judgment, and as modified, affirm.

## BACKGROUND

Appellant was charged by indictment with two counts of burglary of a habitation and pleaded "not guilty." The jury found Appellant "guilty" as charged, and the matter proceeded to a trial on punishment. The trial court assessed Appellant's punishment at imprisonment for ten years in each count and suspended the sentence for ten years in one of them. The court further assessed court costs, attorney's fees, and restitution. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he has reviewed the record of the pretrial proceedings, the trial, and the judgment and found no error to present for our review. In compliance with *High v.*

*State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.

Appellant contends in his pro se response that he is entitled to an acquittal or a new trial because (1) certain witnesses gave false testimony, (2) his trial counsel's assistance was ineffective, (3) his appellate counsel's assistance was ineffective, (4) he was not indicted for and convicted of the same offense, (5) the State played only a portion of his videotaped interview with the police, and (6) the State withheld pictures of other people taken by the game camera that captured his image on the victim's property.

When faced with an *Anders* brief and a pro se response by an appellant, an appellate court can either (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). After conducting an independent examination of the record, we find no reversible error and conclude that the appeal is wholly frivolous with the exception of the issue of attorney's fees.

**Attorney's Fees**

We have the authority to reform a judgment in an *Anders* appeal and to affirm that judgment as reformed. *See* TEX. R. APP. P. 43.2(b); *Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has the financial resources to enable him to offset in part or in whole the costs of the legal services provided. *See Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed, there is no basis for the imposition of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2010); *Johnson*, 405 S.W.3d at 354.

2

In this case, the judgment of conviction assesses $1,250.00 as attorney's fees. The record contains an order appointing counsel, showing that the trial court determined Appellant was indigent. The record does not show that the trial court ever made a finding that Appellant's financial circumstances had materially changed. Thus, there is no basis in the record to support the imposition of attorney's fees. *See Johnson*, 405 S.W.3d at 355. Accordingly, the order assessing attorney's fees should be deleted from the judgment.

## Conclusion

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby *granted*. We *modify* the trial court's judgments in Counts I and II to delete the assessment of attorney's fees. *See* TEX. R. APP. P. 43.2(b); *Bray*, 179 S.W.3d at 726. We *affirm* the judgment *as modified*. *See id.*

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered March 18, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## MARCH 18, 2015

## NO. 12-13-00391-CR

**WILLIS HENRY GREEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 18971)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to delete the assessment of attorney's fees in Counts I and II; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*